# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAWNYA PARKER,<br><br>          Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No. 13 C 6870<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

In 2003, Petitioner Dawnya Parker ("Parker") began a romantic relationship with Calvin Buffington ("Buffington"), who she later learned was a narcotics trafficker. Sometime in 2007, Parker picked up and stored a bag for Buffington in her bedroom, where she also kept a firearm. Parker later discovered that the bag contained loose U.S. currency. During a subsequent telephone call with Buffington, Parker agreed to and eventually stored a second bag for him. Buffington was arrested shortly thereafter, at which time Parker learned that this second bag contained 1026 grams of heroin.

On December 13, 2007, Parker and her Co-Defendants were charged in a superseding indictment. Parker was charged in two of the indictment's counts. Count I charged Parker with conspiracy to knowingly and intentionally distribute and possess with intent to

distribute more than five kilograms of mixtures containing a detectable amount of cocaine and more than one kilogram of mixtures containing a detectable amount of heroin. Count XII charged her with possessing a firearm in furtherance of a felony drug offense.

Then, on October 26, 2009, the Government issued a two-count superseding information against Parker, who pleaded guilty to both. Count I charged her with using a phone in connection with a felony drug offense and Count II charged her with using a firearm in furtherance of a drug trafficking crime. In the written Plea Agreement, Parker agreed to waive her right to challenge her conviction and sentence. The Agreement explicitly stated that "Defendant also waives her right to challenge her conviction and sentence . . . in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255." After Parker's plea and sentencing hearings, the Court sentenced her to seventy-two months imprisonment, and the Government dismissed the original indictment.

Having served her sentence on Count I, Parker now moves to vacate her sentence on Count II. She argues that the waiver in her Plea Agreement was involuntary and the result of ineffective assistance of counsel. For the following reasons, Parker's Motion to Vacate, Set Aside, or Correct Judgment pursuant to 28 U.S.C. § 2255 [ECF. No. 1] is denied.

## II. LEGAL STANDARD

A federal prisoner may challenge her conviction or sentence by filing a motion with the court that sentenced her on the grounds that the "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Relief under § 2255 is an "extraordinary remedy" because the petitioner already has "had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

## III. ANALYSIS

Waivers of the right to bring a collateral attack under § 2255 "are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999). "There are only two exceptions to the enforceability of a collateral attack waiver: (1) if it was involuntary, or (2) if there is a claim of ineffective assistance of counsel in connection with the negotiation of the waiver." *Weir v. United States,* 959 F.Supp.2d 1127, 1132 (C.D. Ill. 2013). In this case, Parker concedes that her signed plea agreement includes a waiver of the right to bring a collateral attack. She argues, though, that both exceptions to enforceability apply.

## A. Parker's Waiver was Involuntary

Parker claims that her waiver was involuntary because she was coerced by the "threat" that her mother's home might be forced into forfeiture if Parker did not plead guilty. The signed Plea Agreement, however, stated that "no threats, promises, or representations have been made." When asked under oath whether she was "pleading guilty of [her] own free and voluntary act," she responded, "Yes." "[A] claim that can succeed only if the defendant lied to the judge during the plea colloquy may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *Boatman v. United States,* No. 12-CV-1095-WDS, 2012 WL 5389828, at *3 (S.D. Ill. Nov. 5, 2012) (internal quotation marks omitted).

Here, Parker has not provided any such compelling explanation because the possibility of forfeiture was a risk of proceeding to trial, not a threat. Her mother's home was included in the superseding indictment because Parker stored the bags of cash and drugs at the house. The superseding information, however, did not include the forfeiture provision. Informing Parker that the Government remained free to initiate a forfeiture proceeding simply made her aware of a harmful consequence that might occur if she rejected the plea deal and was later found guilty of the charges in the indictment. Parker has failed to show that her waiver was involuntary.

### B. Parker Has Failed to Establish Ineffective Assistance of Counsel During Plea Negotiations

Parker also argues that her waiver is unenforceable because she received ineffective assistance of counsel in connection with the negotiation of the waiver. To establish ineffective assistance of counsel in this context, Parker must show that her counsel's performance was deficient and that she was prejudiced by the deficiency "such that the result would have been different without the error." *Scott v. United States,* No. 10-CV-1273, 2012 WL 5028965, at *4 (C.D. Ill. Oct. 17, 2012). "[T]rial counsel is entitled to a strong presumption that his performance fell within the wide range of reasonable professional assistance and will not be judged with the benefit of hindsight." *Almonacid,* 476 F.3d at 521 (internal quotation marks omitted).

Many of Parker's claimed deficiencies may be dealt with briefly. First, she claims that her attorney allowed her to be threatened with the foreclosure of her mother's house. However, as described above, no threat was made. Second, Parker claims that her attorney failed at the sentencing hearing to defend her and to allow her to speak. But claims that her attorney performed deficiently at the sentencing hearing are not related to the plea negotiations and are "barred by [her] waiver." *Scott,* 2012 WL 5028965, at *4. Third, Parker includes in her Motion a conclusory list of ten additional deficiencies. All but three relate to sentencing or other matters separate from the plea negotiation and

are likewise barred. *See, Weir,* 959 F.Supp.2d at 1132 (explaining that a challenge to the enforceability of a waiver can only raise claims for ineffective counsel "in connection with the negotiation of the waiver").

The other three allegations relate to the main deficiency that Parker asserts, *i.e.,* that her attorney was mistaken factually and legally in finding that there was a reasonable basis for the gun charge under 18 U.S.C. § 924(c). Parker alleges that her attorney failed to appraise accurately the evidence in her case. But "[w]aiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." *McMann v. Richardson,* 397 U.S. 759, 770 (1970). Parker neither alleged that her attorney acted in bad faith in assessing the evidence nor provided sufficient allegations to indicate that the appraisal was somehow unreasonable.

Parker also details at length how she did not violate § 924(c) as a matter of law. The Seventh Circuit has noted, though, that "[t]he usual scenario for a section 924(c) charge is a drug dealer who keeps a gun close to the drugs or close to the transaction to protect the drugs or the proceeds of the transaction or the dealer himself." *United States v. Vaughn,* 585 F.3d 1024, 1029 (7th Cir. 2009). Mere presence of a firearm near drugs, however, is not by itself enough; "[t]he Government must present a viable theory as to

how the gun furthered" the crime. *Id.* (internal quotation marks omitted).

At the plea hearing, the Government stated its theory that Parker originally bought the gun to protect her property and that she stored the bag in her room — which contained the gun — as her temporary property. At trial, a jury might have agreed with Parker that the gun was not "used" or "carried" in "furtherance of [the] crime" under § 924(c). Regardless of whether Parker would have won at trial, however, her attorney was reasonable in believing that there may have been a factual and legal basis for the § 924(c) charge. Thus, Parker has failed to establish that her counsel was ineffective in negotiating her plea agreement.

## IV. CONCLUSION

For the reasons stated herein, Parker's Motion to Vacate, Set Aside, or Correct Judgment [ECF. No. 1] is denied.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

Date:11/3/2014